[Doc. No. 7]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>   v.<br><br>LUND'S FISHERIES, INC. et al.,<br><br>              Defendants. | Civil No. 20-11306 (NLH/JS) |

**MEMORANDUM OPINION AND ORDER**

     This matter is before the Court on the "Motion to Proceed Under Pseudonym" ("motion") [Doc. No. 7] filed by plaintiff John Doe. No opposition was filed by defendants. The Court exercises its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, plaintiff's motion is GRANTED.

**Background**

     Plaintiff John Doe filed this action on August 25, 2020 against defendants Lund's Fisheries, Inc., John Does 1-15, Fictitious Persons 1-15, and ABC Corporations 1-15, alleging various claims under the Jones Act, 46 U.S.C. § 30104. See Compl. [Doc. No. 1]. On October 2, 2020, the Court granted plaintiff leave to file an amended complaint to add defendant Mnt. Vernon, L.L.C. See Am. Compl. [Doc. No. 9]. Specifically, plaintiff alleges that

"while working as a Jones Act seaman, and assigned to the vessel Brianna Louise, a scallop fishing vessel," plaintiff "was drugged, beaten, and raped by [other] crew members aboard the [vessel]." Am. Compl. ¶¶ 7-9. Plaintiff further alleges that after the attack, plaintiff "was forced to remain on the vessel for several days" while "in constant fear for his safety." Id. ¶ 10. As a result, plaintiff contends he "was seriously injured, scarred, humiliated, embarrassed, and traumatized" by defendants' acts, omissions, and the unseaworthiness of their vessel. Id. ¶ 12. Plaintiff now seeks to recover monetary damages under the Jones Act, 46 U.S.C. § 30104 and general maritime law, 28 U.S.C. § 1333. Id. ¶¶ 13-42.

In the pending motion, plaintiff contends the allegations stem from a sexual assault in which plaintiff "was subjected to an egregious invasion of his personal privacy so embarrassing, hurtful, and outrageous that plaintiff must sue under the pseudonym 'John Doe' to avoid further harm and embarrassment." Mot. at 3. Plaintiff contends that the special circumstances demonstrate plaintiff reasonably fears serious harm, and would be vulnerable to such harm, were his identity disclosed to the public. Id. Plaintiff asserts being forced to proceed under his real name would: (1) stigmatize plaintiff in the community and in his career, (2) harm plaintiff's reputation, and (3) potentially aggravate his medical condition. Id. at 3-5. Plaintiff further asserts he may not pursue his claims if the motion is denied. Id. at 4. As such,

2

plaintiff requests to proceed under a pseudonym in this action to protect his identity from public disclosure. Id. at 5.

**Discussion**

In order to preserve the presumptively public nature of judicial proceedings, Federal Rule of Civil Procedure 10(a) "requires parties to a lawsuit to [expressly] identify themselves in their respective pleadings." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011), cert. denied, 565 U.S. 1197 (2012). Identifying parties to the proceeding is an important dimension of publicness, as the people have a right to know who is using their courts. Id. (citing Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997)). Notwithstanding this requirement, courts have recognized that a party may proceed by way of pseudonym under limited circumstances. See, e.g., Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008); Doe v. Oshrin, 299 F.R.D. 100 (D.N.J. 2014) (allowing plaintiff, an alleged victim of child pornography, to proceed anonymously).

Since "[a] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings,'" the mere allegation a litigant may suffer embarrassment or economic harm will not suffice. Megless, 654 F.3d at 408 (citation omitted). Instead, a plaintiff must establish "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Id. (citation omitted). Courts must then determine whether the

3

"litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings." Id. In connection with this inquiry, the Third Circuit has endorsed a non-exhaustive, multi-factored balancing test which weighs the competing interests in favor of anonymity against those that adhere to the traditional rule of openness. Id. (citing Doe v. Provident Life & Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997)). The factors in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. (quoting Provident Life, 176 F.R.D. at 467-68). Whereas factors disfavoring anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

4

Id. To reiterate, this "list of factors is not comprehensive, and [] trial courts 'will always be required to consider those [other] factors which the facts of the particular case implicate.'" Id. (quoting Provident Life, 176 F.R.D. at 468). The decision of whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court. See Oshrin, 299 F.R.D. 100, 103 (D.N.J. 2014) (citing Doe v. Hartford Life & Acc. Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006)).

Here, the Court finds plaintiff's motion and the allegations set forth in plaintiff's amended complaint sufficiently support his request to proceed anonymously. Upon an application of the applicable factors, the Court also finds plaintiff's interest in remaining anonymous outweighs the public's interest in the information. First, the Court finds that plaintiff has maintained the confidentiality of his identity to date. Plaintiff's identity is not disclosed in any of the pleadings, motions, and/or exhibits in this action. See, e.g., Compl. [Doc. No. 1]; Mot. [Doc. No. 7]; Am. Compl. [Doc. No. 9]. Therefore, the Court concludes that the first factor weighs in favor of anonymity.

The second factor considers the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases. Here, the Court finds that plaintiff's motion demonstrates substantial grounds to support his fear of public disclosure. Plaintiff asserts that disclosure of his identity may result in

harm to his reputation, aggravation of his medical condition, and "the possibility that [plaintiff] may not pursue his claim[s] due to the stigmatization that may result in his community and to his career." Mot. at 4. The Court finds plaintiff's fears compelling, particularly in light of his status as an alleged victim of sexual assault. See Doe v. Princeton Univ., C.A. No. 19-7853 (BRM), 2019 WL 5587327, at *4 (D.N.J. Oct. 30, 2019) (finding plaintiff's "alleged victim status weigh[ed] this factor in his favor"). As further detailed below, "victims of sexual assault are a vulnerable class worthy of protected status." Id. Therefore, the Court finds the second factor weighs in favor of anonymity.

The third factor considers the magnitude of the public interest in maintaining the confidentiality of the litigant's identity. The public may have an interest in maintaining the confidentiality of a litigant's identity when the litigant belongs to a particularly vulnerable class,[1] when the subject matter is highly personal,[2] or when undesirable consequences will flow from revealing the identity of a litigant.[3] When the public has an

---

[1] Relevant vulnerable classes include minors, the mentally ill, and victims of sexual assault. See Oshrin, 299 F.R.D. at 104 (victim of child pornography); Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (victim of sexual assault); Provident Life, 176 F.R.D. 464 (litigant suffering from several mental illnesses).
[2] Highly personal subject matter includes abortion, religious beliefs, and other extraordinarily personal areas. See Megless, 654 F.3d at 408.
[3] The public has an interest in maintaining the confidentiality of a litigant's identity when the consequences of revealing it include

interest in maintaining the confidentiality of a litigant's identity, this factor may favor anonymity. Here, the Court finds there is a strong public interest to maintain the confidentiality of plaintiff's identity due to his status as an alleged victim of sexual assault and the highly sensitive and personal nature of the allegations underlying plaintiff's complaint. See Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (finding "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights"). Therefore, the Court concludes the third factor also weighs in favor of anonymity.

As to the fourth factor, the Court examines the public interest, if any, in ascertaining plaintiff's identity. The Court does not find a public interest exists in ascertaining plaintiff's actual identity. Plaintiff is a private citizen seeking to litigate private and highly sensitive issues, not a public official for whom the public possesses a heightened interest. Further, even if plaintiff's identity remains confidential, these proceedings will remain public, thereby preserving any general public interest in

---

revealing the identities of vulnerable parties, such as children and victims of crimes. See D.M. v. County of Berks, 929 F. Supp. 2d 390 (E.D. Pa. 2013) (anonymity of litigant required to protect the identity of children allegedly sexually abused by parent); see also Princeton Univ., 2019 WL 5587327, at *4 (granting motion to proceed anonymously based, in part, on plaintiff's status as a "victim of sexual assault").

7

the subject matter of this litigation. See Provident Life, 176 F.R.D. at 468 (noting plaintiff's "use of a pseudonym [would] not interfere with the public's right or ability to follow the proceedings"); see also Evans, 202 F.R.D. at 176 (finding that "protecting [plaintiff's] identity [would] not impede the public's ability to follow the proceedings"). Therefore, the Court finds that the fourth factor favors anonymity.

With respect to the fifth factor, the Court considers the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified. Here, plaintiff has expressly stated "the possibility that [plaintiff] may not pursue his claim[s] due to the stigmatization that may result in his community and to his career" if plaintiff were not permitted to proceed anonymously. Mot. at 4. Given the issues at stake in the litigation, the Court finds this statement credible. Accordingly, the Court finds that denying plaintiff's motion may inhibit plaintiff's willingness to pursue his claims. See Oshrin, 299 F.R.D. at 104. Therefore, the Court finds this factor weighs in favor of anonymity.

Next, the Court considers whether there is an illegitimate ulterior motive underlying the request to proceed anonymously. Here, plaintiff seeks to protect his privacy interests in the highly sensitive subject matter giving rise to this litigation. The Court does not find that plaintiff's motion is motivated by

8

any improper purpose. See Hartford Life, 237 F.R.D. at 550-51 (finding plaintiff had "no illegal or ulterior motives . . . but merely [sought] to protect his reputation and not aggravate his medical condition"). Thus, the Court concludes the sixth factor also weighs in favor anonymity.

Last, the Court finds that the factors disfavoring anonymity do not support denying plaintiff's motion. The only factor weighing against plaintiff's use of a pseudonym is the public's general interest in having access to the identity of litigants. See Hartford Life, 237 F.R.D. at 551 (noting that "this interest exists in some respect in all litigation and does not outweigh the strength of the [other] factors"). This factor does not override the other interests discussed in this Opinion. The remaining factors to evaluate are not applicable because plaintiff is not a public figure and the subject matter of this litigation does not give rise to a public interest greater than that "normally obtained." Megless, 654 F.3d at 409. Further, counsel for defendants does not oppose the pending motion. See id.

**Conclusion**

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 16th day of November 2020, that plaintiff's "Motion to Proceed Under Pseudonym" [Doc. No. 7] is GRANTED; and it is further

ORDERED that plaintiff will be referred to as "John Doe" throughout the course of the litigation.

s/ Joel Schneider  
JOEL SCHNEIDER  
United States Magistrate Judge